CHARLES A. BARTLETT, Administrator of GUISEPPE PUSATERI, Deceased, Appellant, v. HELMBACHER FORGE & ROLLING MILLS COMPANY, Respondent.

St. Louis Court of Appeals, November 2, 1909.

NEW TRIAL: Appellate Practice: Weight of Evidence: Conflicting Evidence. Where a conflict of evidence occurred on material issues, the action of the trial court in granting a new trial, because the verdict is against the weight of the evidence, cannot be set aside on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

AFFIRMED AND REMANDED.

*Joseph Wheless* for appellant.

(1) As there was no conflict of evidence on any point affecting the merits of the issues, there was no occasion for granting a new trial on the "weight of the evidence"; and there being no other error in the trial record, the order of the court was error and should be reversed. Ordelheide v. Land Co., 208 Mo. 243; Crawford v. Stock Yards (Mo. Sup.), 114 S. W. 1059. (2) The manner of stacking the piles of iron was dangerous and negligent, as found by the jury, and that verdict is in accordance with the law, as declared by this court. Rigsby v. Supply Co., 115 Mo. App. 297; s. c., 130 Mo. App. 128.

*Watts, Williams & Dines* and *William R. Gentry* for respondent.

No court could read the record in this case and come to the conclusion that the trial judge had abused his discretion. On the contrary, if the question were open for this court to decide, we feel sure that the court, after reading the record, would be forced to the same conclusion that the trial judge was forced to, namely, that the verdict was against the weight of the evidence. As above pointed out, however, that matter is not open for the consideration of this court, but it is bound by the action of the trial judge. Casey v. Transit Co., 186 Mo. 229; Fitzjohn v. Railroad, 183 Mo. 78; Langstaff v. Webster Groves, 122 Mo. 510; Canterbury v. Kansas City, 130 Mo. App. 1.

GOODE, J.—Guiseppi Pusateri, a Sicilian, was killed in defendant's Iron Works on January 11, 1907, by the falling on him of a pile of iron bars. The bars were about thirty-six inches long, and the averment is they had been piled to an excessive and dangerous height, from ten to fifteen feet, unsupported in any way and insecure and liable from the great height and unsafe structure of the pile to collapse and fall. It was further averred the careless way in which the iron was piled, and the fact that the piles were dangerous and liable to fall, was well known to defendant, or could have been known to it by the exercise of ordinary care for the safety of its employees. Plaintiff was working on a low pile a foot or so from the one which toppled over and killed him. This action was instituted by the administrator of his estate under the provisions of two statutes of the State of Illinois where deceased resided and the accident happened. The evidence for plaintiff tended to prove the piles were fifteen to eighteen feet high, and, in truth, one witness for plaintiff swore the one which fell was thirty feet high. The evidence tended also to show the piles were negligently and insecurely stacked and liable to fall in consequence of the vibrations of trains passing near the foundry.

Plaintiff had a verdict which the court set aside, granting a new trial on the ground the verdict was against the weight of the evidence. This appeal was prosecuted from the order for new trial, the contention being there was no substantial conflict in the evidence on any point affecting the merits of the case. We have read the evidence in regard to plaintiff's contention and find it untenable. There was a sharp conflict of testimony as to the height of the pile which fell, some saying it was not more than four or five feet high; also as to whether it had been piled straight and was perpendicular at the time it fell, or had been piled slantingly and out of plumb. There can be no question that a conflict of evidence occurred on material

issues of the case, and therefore the action of the court in granting a new trial because the verdict was against the weight of the evidence cannot be set aside.

The order for new trial is affirmed and the cause remanded. All concur.